J. A17045/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| v. | : | | |
| | : | | |
| NAKIA HORTON, | : | No. 2739 EDA 2018 | |
| | : | | |
| Appellant | : | | |

Appeal from the PCRA Order Entered August 16, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0208591-1997

BEFORE:  PANELLA, P.J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED NOVEMBER 07, 2019**

Nakia Horton appeals from the August 16, 2018 order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case were set forth in the PCRA court's opinion and need not be reiterated here.  (*See* PCRA court opinion, 10/5/18 at 2-4.) The pertinent procedural history of this case, as gleaned from the certified record, is as follows:  On December 4, 1997, a jury found appellant guilty of second-degree murder, robbery, and possessing instruments of crime[1] in connection with the February 1996 shooting death of Jay Murcheson (hereinafter, "the victim").  On March 31, 1998, the trial court sentenced

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a), and 907(a), respectively.

appellant to a term of life imprisonment. Appellant filed his first *pro se* PCRA petition on March 10, 2000, and counsel was appointed to represent him. Following a reinstatement of appellant's direct appeal rights *nunc pro tunc*, a panel of this court affirmed appellant's judgment of sentence on April 26, 2005. *See Commonwealth v. Horton*, 876 A.2d 463 (Pa.Super. 2005) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our supreme court. Thereafter, on August 22, 2005, appellant filed yet another *pro se* PCRA petition. On January 23, 2008, the PCRA court dismissed appellant's petition, and a panel of this court affirmed the PCRA court's order on September 30, 2009; our supreme court subsequently denied appellant's petition for allowance of appeal on August 24, 2010. *See Commonwealth v. Horton*, 986 A.2d 1256 (Pa.Super. 2009) (unpublished memorandum), *appeal denied*, 4 A.3d 1052 (Pa. 2010). Appellant filed the instant *pro se* PCRA petition on August 5, 2016. Following an evidentiary hearing conducted over the course of multiple days, the PCRA court dismissed appellant's petition on August 16, 2018. This timely appeal followed.[2]

Appellant raises the following issues for our review:

> I.   Did the [PCRA] court err in declaring the filing of the PCRA petition "untimely" despite the fact that it was filed within the time limit prescribed for after-discovered evidence claims?
>
> II.  Did the [PCRA] court err in dismissing the [PCRA] petition based on after-discovered

---

[2] The record reflects that appellant and the PCRA court have complied with Pa.R.A.P. 1925.

> evidence, after an evidentiary hearing in which the sole eyewitness recanted her trial testimony and identification of appellant as the gunman?

Appellant's brief at 4 (extraneous capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, it is undisputed that appellant's August 5, 2016 *pro se* PCRA petition, filed more than a decade after his judgment of sentence became final, is patently untimely. Accordingly, appellant was required to plead and prove that one of the three statutory exceptions enumerated in Section 9545(b)(1) applies.

The three statutory exceptions to the PCRA time-bar are as follows:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking any of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa.Super. 2000); *see also* 42 Pa.C.S.A. § 9545(b)(2).[3]

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section,

- 4 -

Instantly, appellant invokes the "after discovered evidence" exception set forth in Section 9545(b)(1)(ii) and argues that he is entitled to a new trial based on the fact that Commonwealth witness Tamika Anderson recanted her testimony that she observed appellant shoot the victim. (Appellant's brief at 13-14; *see also* notes of testimony, 8/8/18, at 21-23, 27, 39-40, 44-49.) Appellant contends that he only became aware of Anderson's recantation on June 25, 2016, when he secured a signed affidavit to that effect; thus, appellant contends, his August 5, 2016 *pro se* PCRA petition was timely filed within the 60-day timeframe. (Appellant's brief at 12; *see also* notes of testimony, 8/10/18 at 6-7.) The record belies these claims.

To be eligible for relief on a claim of after-discovered evidence, a PCRA petitioner must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). To evaluate such a claim,

> [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

December 24, 2017, or thereafter. Here, as discussed, appellant's claim arose well before that date and, therefore, the amendment is inapplicable.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa.Super. 2012), citing

***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008), ***cert. denied***,

555 U.S. 1198 (2009).

Here, our review of the record reveals that appellant failed to file his PCRA petition invoking the "after-discovered evidence" exception within 60 days of the date the claims **could have been** presented, as required by Section 9545(b)(2). As recognized by the PCRA court, the record reflects that although Anderson did not sign the affidavit recanting her testimony until June 25, 2016, she had been in contact with appellant's family about doing so for years. It strains credibility that appellant could not, with the exercise of due diligence, have obtained information about Anderson's willingness to recant her testimony earlier. Anderson testified at the evidentiary hearing that she informed appellant's brother, John Horton, as early as 2013 that she "wanted to help [appellant] come home" and would recant her trial testimony. (Notes of testimony, 8/8/18 at 69-70, 86.) Appellant further acknowledged during the hearing that he has spoken on the telephone with his brother since the beginning of his incarceration and that his brother knew how to get in contact with him. (Notes of testimony, 8/10/18 at 10-13.) Based on the foregoing, the record supports the PCRA court's conclusion that appellant failed to satisfy the "after discovered evidence" exception set forth in Section 9545(b)(1)(ii).

Moreover, we agree with the PCRA court's rationale at the evidentiary hearing that appellant failed to establish that introduction of this evidence would likely result in a different verdict if a new trial were granted. The PCRA court reasoned:

> [Anderson] now asserts that she testified falsely at trial because of both pressure from the police and the trial prosecutor, Edward Cameron. [Cameron] was called as a Commonwealth witness and credibly disputed that testimony. He also stated that [Anderson] testified willingly and she was a cooperative witness during the trial.
>
> In assessing the credibility of [Anderson], it must be said that she lacks credibility. She would have this [PCRA c]ourt believe that after some 20 years she came forward to exonerate [appellant] after speaking to his brother, her former boyfriend, because her account of the incident was based merely on neighborhood rumor, such [is] not to be believed.
>
> [In] the final analysis, [appellant] has not met his burden. [Anderson's] recantation does not overcome the other evidence in this case. It serves only to impeach her original testimony. Indeed, the testimony of [eyewitness Charles] Maddox and [Shaheed] Johnson standing alone is sufficient to support the guilty verdict in this case. Further, as mentioned above, her recantation is highly suspect when one considers how she -- how it came about. This [PCRA c]ourt finds it is wholly lacking in credibility. In conclusion, this [PCRA c]ourt finds that the alleged after-discovered evidence is simply not of such a nature [and] character that a different verdict would likely result if a new trial was granted.

PCRA court opinion, 10/5/18 at 8-9, citing notes of testimony, 8/16/18 at 12-21 (some bracketed information in original).

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/19